## UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

RUSSELL VERNON READO,      §
     §
            Petitioner,      §
     §
*versus*      §      CIVIL ACTION NO. 1:11-CV-585
     §
DIRECTOR, TDCJ-CID,      §
     §
            Respondent.      §

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Russell Vernon Reado, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Petitioner claims that he was eligible for parole in 1990, and that he did not receive due process with respect to parole hearings he alleges must have taken place in 1990, 1995, and 2000.

On July 20, 1983, petitioner was convicted of aggravated robbery and sentenced to life imprisonment. Under the law in effect at the time he committed the offense, petitioner was not eligible for release on parole until he served twenty calendar years. TEX. CODE CRIM. PRO. art. 42.12 § 15(b) (Vernon 1981). On November 9, 1983, petitioner was convicted of murder and sentenced to life imprisonment, with the sentence to run consecutively to his first life sentence. The law in effect at the time of the offense provided that a person with a life sentence for murder was eligible for parole when his calendar time and good time equaled twenty years.

Before September 1, 1987, consecutive sentences were added together and treated as one sentence to determine eligibility for release on parole and mandatory supervision. In accordance with this practice, petitioner's two life sentences were treated as one, but TDCJ incorrectly calculated petitioner's parole eligibility date by applying the laws for his murder conviction rather than his aggravated robbery conviction. This mistake resulted in an erroneous entry in petitioner's TDCJ records that he was eligible for parole in 1990, although he was not eligible until 2002.

The records maintained by the Texas Board of Pardons and Paroles correctly reflect that petitioner was not eligible for parole until October 2002, and that he was not reviewed for parole until 2002. Petitioner could not have been denied due process in connection with parole reviews that were never conducted. Therefore, the court concludes the objections are without merit.

Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. A certificate of appealability will not be issued.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 7th day of November, 2012.

MARCIA A. CRONE
3 UNITED STATES DISTRICT JUDGE